UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLAVICA MORRIS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Civil Action No. 19-cv- |
| JEFFERSON CAPITAL SYSTEMS, LLC, and MANDARICH LAW GROUP, LLP, | ) ) ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, Slavica Morris, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff has suffered a harm from receiving false, misleading, and deceptive communications from Defendants while they were attempting to collect a debt from her.

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Slavica Morris ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted WebBank consumer credit account.

7. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant, Jefferson Capital Systems, LLC ("JeffCap"), is a Georgia limited liability company with its principal place of business at 16 McLeland Road, St. Cloud, MN 56303. Jefferson does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

9. JeffCap holds a collection agency license from the State of Illinois.

10. JeffCap owns and/or maintains a website, www.jeffersoncapitalinternational.com.

11. JeffCap asserts to be an industry-leading provider of traditional and unique recovery services for consumer charged-off accounts.

12. JeffCap's website states in part as follows:



(About Jefferson Capital, available at http://www.jeffersoncapitalinternational.com/us/about-jefferson-capital.html (Accessed 28 Dec. 2019)).

13. JeffCap's principal purpose is the collection of defaulted consumer debts, as it derives the majority of its revenue from purchasing and recovering debts within portfolios of defaulted receivables from consumers.

14. JeffCap is thus a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

15. Defendant, Mandarich Law Group, LLP ("Mandarich"), is a California limited liability partnership, and is a law firm with an office in Illinois.

16. Mandarich, on behalf of various clients, files hundreds of collection lawsuits in the Circuit Court of Cook County annually to collect defaulted consumer debts on behalf of others.

17. Mandarich regularly collects or attempts to collect defaulted consumer debts on behalf of others via the mails, telephone calls to consumers, and litigation, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

18. According to Defendants, Plaintiff incurred an alleged debt for the purchase of goods and services, originally via the execution of a WebBank consumer credit account ("alleged debt").

19. The alleged debt arose from funds used for personal purposes and is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

20. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the debt went into default.

21. JeffCap claims to have purchased the alleged debt after default.

22. Mandarich subsequently began collecting the debt on JeffCap's behalf.

23. Mandarich, on behalf of JeffCap, filed a lawsuit against Plaintiff on December 12, 2019, in the Circuit Court of Cook County, Illinois ("State Court Complaint"), styled *Jefferson Capital Systems, LLC v. Slavica Morris*, Case No. 19-M3-006833. (Exhibit A, State Court Complaint); *see* Cook County Case Information Summary, available at https://courtlink.lexisnexis.com/cookcounty/FindDock.aspx?NCase=2019-M3-006833&SearchType=0&Database=1&case_no=&PLtype=1&sname=&CDate= (last visited January 2, 2020)

24. JeffCap, via an agent hired by Mandarich, served the State Court Complaint, along with a summons ("Summons") on Plaintiff on or about December 23, 2019.

25. The State Court Complaint conveyed information regarding the alleged debt to Plaintiff, including the identity of the original creditor and a balance on the alleged debt.

26. The State Court Complaint was thus a "communication" as that term is defined at 15 U.S.C. § 1692(a) of the FDCPA.

27. In the State Court Complaint, JeffCap makes the following claim:

> Amount Claimed: $994.44 *plus costs*

(Ex. A, State Court Complaint) (emphasis added)

28. The Summons, however, does not seek that costs be paid.

29. A "Credit Card or Debt Buyer Collection Action Affidavit" ("Affidavit") is attached to the State Complaint.

30. The Affidavit attached to the State Complaint references the alleged debt as a "Consumer Debt or Account."

31. The Affidavit is executed by Joan Weiman.

32. According to the Affidavit, Ms. Weiman is an authorized employee of JeffCap.

33. At all times relevant to this Complaint, JeffCap authorized, directed, approved of and ratified Ms. Weiman's actions taken toward Plaintiff, during the course of its attempts to collect the alleged debt therefrom.

34. The Affidavit is a form affidavit provided pursuant to Illinois Supreme Court Rule 280.2, though it was drafted by one or more of the Defendants.

35. Paragraph 3 of the Affidavit requires that the debt collector in a state court action indicate whether or not it is collecting additional amounts after the charge-off date.

36. JeffCap indicated it is <u>not</u> seeking additional amounts after the charge-off date:

> 3.ADDITIONAL ACCOUNT INFORMATION AFTER CHARGE-OFF
> Plaintiff is seeking additional amounts after the charge-off date:
> [X] No

(Ex. A, State Court Complaint) (emphasis in the original).

37. Court costs would be considered "additional amounts" by any reasonable reading.

38. Any court costs that would be incurred, would necessarily be incurred after charge-off.

39. A representative for JeffCap swore under oath, in the Affidavit attached to the State Court Complaint, that neither company was seeking additional amounts after charge-off.

40. By swearing under oath, in the Affidavit, that it was not seeking additional amounts after charge-off, JeffCap expressly waived any statutory or contractual right to court costs.

41. Despite this fact, the State Court Complaint seeks that the costs of the State Court Complaint be paid by Plaintiff—contrary to the communication contained in the Affidavit and the Summons.

42. The State Court Complaint specifically prays for judgment against the Defendant(s) for court costs. (Ex. A, State Court Complaint).

43. Defendants cannot both be seeking, and not seeking, additional amounts, here costs of suit, after charge-off of an alleged debt.

44. When there are two different accounts of what a debtor actually owes the creditor, that one version is the correct description does not save the other. *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003), citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

45. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation off—**

    **(A) The character, amount, or legal status of any debt**

**. . . (5) The threat to take any action that cannot legally be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

46. Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e(2)(a), when they sued Plaintiff for court costs which JeffCap had expressly waived.

47. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692e and §1692e(10), when they sought court costs in the State Court Complaint, while also swearing under oath in the Affidavit attached to said State Court Complaint that no additional amounts after charge-off, *i.e.* court costs, were being sought.

48. Plaintiff was confused by the conflicting statements, and he did not know whether Defendants had waived court costs, or whether they were in fact seeking to collect the same from her.

49. Plaintiff would likely have paid or settled the alleged debt had Defendants not presented conflicting information regarding the alleged debt amounts that were being sought.

50. Plaintiff hired an attorney to advise her on the meaning of the content of the State Court Complaint, including the conflicting statements found therein.

51. Plaintiff believed, and the unsophisticated consumer would reasonably believe, that court costs were not being sought, after having reviewed the Affidavit.

52. Plaintiff did not know how much she was being asked to pay as the result of Defendants' conflicting communications to her.

53. Plaintiff did not understand, and the unsophisticated consumer would not understand, whether JeffCap was seeking additional amounts after charge-off, as indicated in its State Court Complaint, or <u>not</u> seeking additional amounts after charge-off, as indicated in its Affidavit and Summons.

54. An unsophisticated consumer could pay the alleged debt amount listed on a summons and collection complaint, in reliance on the representation that no additional amounts were being sought and that said payment would satisfy the entire obligation, only to later find that further costs were being sought.

55. A reasonable and unsophisticated consumer could decide to allow a case to go to default, believing that doing so would entitle Defendants to no more money than was being originally sought, only to find out later that the amount of the debt has increased due to court costs.

56. Defendants could have easily avoided violating the FDCPA by selecting "Yes" when indicating whether or not JeffCap would be seeking additional amounts after charge-off, instead of falsely *expressly* representing, as they did, that JeffCap was not collecting additional amounts after charge-off.

57. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**

58. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f when they caused Plaintiff to be served with a state court complaint and summons that variously indicated both that JeffCap was, and was not, seeking additional amounts after the charge-off date of an alleged debt.

59. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 628 (7th Cir. 2009)).

60. Here, Defendants' conflicting information given to a consumer regarding their intention to seek additional amounts after the charge-off date of an alleged debt would prevent a consumer from knowing how much is owed on an alleged debt or what additional exposure she faces were she to proceed to defend a lawsuit.

61. Plaintiff was confused as to the amount of money sought by Defendants due to their inconsistent communications to her, regarding the amount of the alleged debt.

62. The FDCPA requires precise calculation of the exact amount of an alleged debt, "and for good reason: the debt collector legally may collect (or attempt to collect) only the amount actually owed by the debtor…" *See Bernstein v. Howe*, No. IP o2-192-C-K/H, 2003 WL 1702254, at *4 (S.D. Ind. Mar. 31, 2003) (finding an FDCPA violation where a debt collector failed to identify the amount of interest owed on an alleged debt).

63. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

64. The FDCPA applies to conduct in state-court litigation, including to representations contained in state-court pleadings. *Marquez v. Weinstein, Pinson, & Riley, P.S.,* 836 F.3d 808, 812 (7th Cir. 2016).

65. JeffCap bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Mandarich. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

## CLASS ALLEGATIONS

66. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

67. Plaintiff, Slavica Morris, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Mandarich attempted to collect a debt on behalf of JeffCap (3) by serving a complaint and summons filed in an Illinois State court (4) which includes an Illinois Supreme Court Rule 280.2 affidavit (5) where the box labeled "[P]laintiff is seeking additional amounts after the charge-off date" is checked "[No]" (6) but where JeffCap nonetheless requests court costs in the complaint and/or summons (7) during the period of time that begins one year prior to the filing of this Complaint, and ends on the date of filing of this Complaint.

68. The Affidavit contained within the State Court Complaint is a form affidavit that Defendants have caused to be included in at least 35 lawsuits filed on behalf of JeffCap against consumers in Illinois, within the last year.

69. The form affidavit filed by JeffCap and/or Mandarich in collection cases, pursuant to Illinois Supreme Court Rule 280.2, applies only to consumer debts.

70. As the "Credit Card or Debt Buyer Collection Action Affidavit" contained within the State Complaint is a form affidavit, the Class likely consists of more than 35 persons from whom Defendants attempted to collect a debt.

71. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

72. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

73. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

74. Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**FAIR DEBT COLLECTION PRACTICES ACT—CLASS COUNT**

75. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

76. Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e and § 1692e(2)(a) when they sued Plaintiff for court costs which JeffCap had expressly waived.

77. Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e and § 1692e(2)(a) when they communicated both that court costs were, and that they were not, owed and/or being sought.

78. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10), when they sought court costs in a state court complaint while swearing under oath that no additional amounts after charge-off were being sought.

79. Defendants improperly threatened to pursue court costs from Plaintiff, in violation of 15 U.S.C. § 1692e(5), when they sought additional amounts after the charge-off date of a debt that it had indicated under oath they would not seek.

80. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f when Defendants served a state court complaint on Plaintiff that indicated both that JeffCap was, and was not, seeking additional amounts after the charge-off date of an alleged debt.

81. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when they attempted to collect court costs which JeffCap had expressly waived.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's and the class members' favor and against Defendants as follows:

A. Find that Defendants violated the FDCPA;

B. Certify the action as a class action;

C. Award statutory and actual damages, if any, for the Plaintiff and class pursuant to 15 U.S.C. § 1692k(a)(2);

D. Award costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

E. Award such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Mario Kris Kasalo*
Mario Kris Kasalo