## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Slavica Morris, | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 0017 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Jefferson Capital Systems, LLC and | ) | |
| Mandarich Law Group, LLP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss [24] is granted. The case is dismissed with prejudice.   Civil case terminated.

## STATEMENT

Defendants filed suit against Plaintiff in Illinois state court to collect a debt originally owed to WebBank.   The state-court complaint requested a judgment in the amount of $994.44 and asked that costs of suit be awarded.   Attached to the complaint was a form affidavit[1] of a Jefferson Capital employee, which stated that the "charge-off balance" was $994.44.   The affidavit included a section filled out as follows:

ADDITIONAL ACCOUNT INFORMATION AFTER CHARGE-OFF
Plaintiff is seeking additional amounts after the charge-off date:
■  No
☐  Yes
   ☐  Total amount of interest accrued: $_____;
   ☐  Total amount of non-interest charges or fees accrued $_____;
   ☐  Plaintiff is seeking attorney's fees in the amount of $_____.

Balance due and owing as of the date of affidavit: $994.44

According to Plaintiff, she was confused regarding the amount of money Defendants were seeking to recover because the state-court complaint asked that "costs of suit be awarded," but the attached affidavit indicated that Defendants were not "seeking additional amounts." Thus, she alleges that Defendants used false, misleading, and deceptive means and engaged in an

---

[1] The affidavit is required by Illinois Supreme Court Rule ("Rule") 280.2 in debt-collection cases.

unfair practice in attempting to collect a debt in violation of §§1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA").

As Defendants note, another court in this district recently addressed these exact claims by a plaintiff who was represented by the same law firm that represents Plaintiff in this case. *See Yan Lin v. Portfolio Recovery Assocs., LLC*, No. 19 C 2910, 2020 WL 1939186 (N.D. Ill. Apr. 22, 2020). In a thorough and well-reasoned order, the court in *Yan Lin* found the plaintiff's claims and legal arguments to be without merit. This Court agrees with the analysis and conclusions reached by the court in the *Yan Lin* case, and highlights below the parties' primary contentions, which mimic those presented in the instant case.

As to the claim that the defendant's statement in the affidavit was false and misleading, the court in *Yan Lin* stated that it did not "agree that an unsophisticated consumer would not be able to distinguish the claim as described in the Complaint (including court costs) as compared to the more limited account information (not including court costs) contained in the affidavit." *Id.* at *4. Specifically, the court concluded that "an unsophisticated consumer with reasonable intelligence, capable of making basic logical deductions and inferences would be able to understand from the State Court Complaint and affidavit that the debt collector was claiming a fixed debt amount . . . but would also seek court costs in the case." *Id.* The Court agrees with this conclusion.

The *Yan Lin* court also rejected the plaintiff's claims that "Defendants should have modified the . . . form [required by Rule 280.2] by stating that they were seeking court costs on the section of the affidavit addressing only the account information" because there was no indication that the form affidavit was intended to cover court costs. *Id.* ("None of the listed categories addressed court costs, nor could Defendants identify any court cost amount as costs could only be recovered if plaintiff in the state case prevailed.") Again, this Court sees no basis on which to deviate from this analysis.

As to the unfair practice claim, under 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." But Plaintiff "has not stated a § 1692f claim because the language used by Defendants as provided in the state court form complaint and Defendants' responses in the form affidavit complied with the FDCPA." *Yan Lin*, 2020 WL 1939186, at *6 (noting that the plaintiff's "allegations do not explain why [the defendant's] compliance with Illinois state court forms amounts to unfair or unconscionable means of collecting a debt"). As the *Yan Lin* court stated:

> Under Illinois law, a prevailing plaintiff can recover costs (735 ILCS 5/5-108) and the form complaint suggested that a plaintiff use the exact language Defendants used here, "plus court costs." Defendants then properly indicated on the form affidavit that they were not seeking any additional amounts in response to an inquiry about "Additional *Account Information* After Charge Off." These state court pleadings, which complied with forms provided and sanctioned by the Illinois courts, cannot be described "deceptive and misleading."

2

*Id.* (emphasis in *Yan Lin*).[2]

Finally, Plaintiff notes, as did the plaintiff in *Yan Lin*, that although the Rule 280.2 affidavit was amended on July 19, 2019 to clarify that court costs would be sought but would not be reflected in the affidavit, Defendants did not use the revised affidavit form despite being on notice of it. (Pl.'s Resp., Ex. D, Dkt. # 41-1.) According to Plaintiff, Defendants' deliberate failure to use the updated form, or at least to reflect the clarification of court costs on the form they did use, demonstrates that she has stated a claim for relief under the FDCPA. But, as the *Yan Lin* court noted, adding a sentence to the affidavit that Defendants were seeking court costs "could have been misleading, by conflating information about the claimed debt with court costs, which could have given rise to an FDCPA violation." 2020 WL 1939186, at *5 (citing *Veach v. Sheeks*, 316 F.3d 690, 691-92 (7th Cir. 2003) (holding that court costs and attorney's fees are not a component of a "debt" under the FDCPA and since plaintiff could not be held liable for treble damages, court costs, or attorney's fees until there had been a judgment by a court, those penalties should have been separated from the debt amount)).

Ultimately, the Court finds that Defendants' seeking court costs in the state-court complaint while at the same time submitting a supporting affidavit for the debt amount that does not mention court costs does not violate the FDCPA. Accordingly, for the reasons stated above, Defendants' motion to dismiss for failure to state a claim is granted.[3] Civil case terminated.

**Date:** July 1, 2020

*Ronald A. Guzmàn*

**Ronald A. Guzmàn**
**United States District Judge**

---

[2] Defendants in this case asked that "costs of suit be awarded" rather than stating "plus court costs." The Court finds there is no material difference between the two phrases.

[3] Plaintiff does not ask to amend her complaint. Both this Court and the *Yan Lin* court, which dismissed the plaintiff's amended complaint with prejudice, have ruled on the merits and the Court can discern no basis on which amendments would cure the deficiencies.